IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

RONALD PARMS and §
SHANNON W. PARMS §
§
    **Plaintiffs,** §
§
VS. § Case No. 4:12cv102
§
CITIMORTGAGE, INC. and §
FEDERAL HOME LOAN §
MORTGAGE CORPORATION §
§
    **Defendants.** §

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants' Motion for Summary Judgment (Dkt. 19). As set forth below, the Court finds that it should be GRANTED.

Plaintiffs' suit was originally filed in Denton County District Court on December 6, 2011. Defendants CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation removed the case to this Court on February 21, 2012. On May 10, 2012, this case was referred to the undersigned by consent of the parties.

Plaintiffs' Original Petition for Wrongful Foreclosure and Petition to Enjoin, the live pleading herein, asserts the following claims against Defendants: (1) wrongful foreclosure; (2) DTPA violations; (3) Texas Debt Collection Act violations; and (4) wrongful eviction/forcible detainer based on wrongful foreclosure. *See* Dkt. 3. Plaintiffs also request injunctive and declaratory relief.

1

Defendants now seek summary judgment as to all of Plaintiffs' claims.

## STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the

existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

In their motion, Defendants make the following arguments: (1) Plaintiffs' wrongful foreclosure claim fails as a matter of law because Plaintiffs cannot establish an irregularity in the foreclosure sale or a grossly inadequate sale price and cannot show entitlement to any kind of relief; (2) Plaintiffs' DTPA claim fails as a matter of law because Plaintiffs are not consumers under the statute; (3) Plaintiffs' TDCA claim fails as a matter of law because Defendants did not threaten to take any actions prohibited by law and Plaintiffs cannot show damages under the TDCA; (4) Plaintiffs' wrongful eviction claim fails because it is premised on a flawed theory; and (5) Plaintiffs are not entitled to injunctive relief or attorneys' fees. Defendants also argue that the deemed requests for admissions served on Plaintiffs (but never responded to) also leave no matter in dispute.

Defendants' motion was filed on December 3, 2012. After no response was timely filed, on January 22, 2013, the Court entered an order stating that, if they were opposed to the grant of summary judgment, Plaintiffs should file their response by February 15, 2013. *See* Dkt. 21. In that

3

order, the Court also directed Plaintiffs to respond to Defendants' discovery requests. *Id.* According to the record, Plaintiffs received a copy of the Court's order but have not complied.

Indeed, Plaintiffs have failed to file any summary judgment evidence whatsoever in this matter. Defendants, on the other hand, submit the following summary judgment evidence:

The Declaration of Adam Gantner (**Exhibit A**).

> Copy of the Note, with the allonge to the Note (**Exhibit A1**).
>
> Copy of the Deed of Trust (**Exhibit A2**).
>
> Copy of the Assignment of Deed of Trust (**Exhibit A3**).
>
> Copy of the notice of default and intent to accelerate sent to Plaintiff Ronald Parms via certified mail (**Exhibit A4**).
>
> Copy of the Consolidated Note Report reflecting the payment history on the Loan (**Exhibit A5**).
>
> Copy of portions of CitiMortgage's servicing records (**Exhibit A6**).

The Declaration of Michael Burns (**Exhibit B**).

> Copies of the Notices of Acceleration and Notices of Trustee's Sale sent to Plaintiffs via certified mail (**Exhibit B1**).
>
> Copy of the Notice of Acceleration and Notice of Trustee's Sale that was filed with the County Clerk of Denton County and posted at the door of the Courthouse in Denton County, Texas (**Exhibit B2**).
>
> Copy of the Affidavit of Posting (**Exhibit B3**).
>
> Copy of the recorded Substitute Trustee's Deed (**Exhibit B4**).

The Declaration of Alexa Golliher (**Exhibit C**).

> Copy of Defendant CitiMortgage Inc.'s First Set of Requests for Admissions, Interrogatories, and Requests for Production to Plaintiff Ronald Parms, served on

Plaintiff Ronald Parms on September 10, 2012 (**Exhibit C1**).

Copy of Defendant CitiMortgage Inc.'s First Set of Requests for Admissions, Interrogatories, and Requests for Production to Plaintiff Shannon Parms, served on Plaintiff Shannon Parms on September 10, 2012 (**Exhibit C2**).

Copy of the certified mail receipt, signed by counsel for Plaintiffs (**Exhibit C3**). Copies of the Certificate of Nonappearance for Ronald Parms deposition the

Certificate of Nonappearance for Shannon Parms deposition (**Exhibit C4**).

Copy of the Certificate of Merger of ABN AMRO Mortgage Group, Inc. into CitiMortgage, Inc., effective September 1, 2007 (**Exhibit D**).

Copy of documents obtained from the Denton County property records (**Exhibit E**).

*See* Dkt. 19-1 — 19-22.

Plaintiffs have not objected to or otherwise controverted any of these exhibits.

Having reviewed the record here, the Court agrees that Plaintiffs have failed to create a genuine issue of material fact as to any of their claims. Although Defendants, as movants, do not have the ultimate burden on summary judgment, the Court finds that none of the evidence in the summary judgment record creates a genuine issue of material fact as to the claims here.

To make a claim for wrongful foreclosure under Texas law, a plaintiff must show (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.). *See also* TEX. PROP. CODE ANN. § 51.002 (statutory requirements for foreclosure sales). To recover for a wrongful foreclosure, the party seeking relief must prove an injury. *See, e.g., Port City State Bank v. Leyco Const. Co., Inc.*, 561 S.W.2d 546, 547 (Tex. Civ. App.– Beaumont 1978, no writ); *Bittinger v. Wells Fargo Bank NA*,

5

2010 WL 3984626, 3 (S.D. Tex. 2010). As argued by Defendants, Plaintiffs have failed to offer any evidence of an irregularity in the foreclosure sale, a grossly inadequate sales price, or any injuries they suffered as a result of the foreclosure. Therefore, summary judgment is granted for Defendants as to Plaintiffs' wrongful foreclosure claim. And, because Plaintiffs' wrongful eviction claim is premised on a theory of wrongful foreclosure it too fails.

Defendants are also entitled to summary judgment as to Plaintiffs' DTPA claims because Plaintiffs have failed to demonstrate how they could be considered consumers under the DTPA. To qualify as a consumer under the DTPA, (1) the person must have sought or acquired goods or services by purchase or lease and (2) the goods or services purchased or leased must form the basis of the complaint. *Id*. at § 17.45(4); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981). Texas courts have consistently held that borrowing money does not constitute the acquisition of a good or service. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984) ("a person who seeks only to borrow money is not a consumer because the lending of money involves neither a good nor a service"); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174–75 (Tex. 1980); *Manno v. BAC Home Loans Servicing, LP*, No. A-11-CA-347-LY, 2011 WL 3844900, at *4 (W.D. Tex. Aug. 26, 2011); *Burnette*, 2010 WL 1026968, at *9. Because Plaintiffs have offered no summary judgment evidence that would show how they qualified as consumers under the DTPA, the Court grants summary judgment for Defendants as to that claim.

The Court also agrees with Defendants that Plaintiffs' TDCA claim fails. The TDCA prohibits threatening to take an action prohibited by law. TEX. FIN. CODE ANN. § 392.301(a)(8). There is nothing in the summary judgment record to create a fact issue as to Defendants' actions or

that would show that they were not legally authorized to take the actions they did. Summary judgment is granted for Defendants as to Plaintiffs' TDCA claim.

Finally, because Plaintiffs have failed to state any facts entitling them to any relief, they are not entitled to declaratory or injunctive relief. *See California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."); *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (to assert a request for injunctive relief, Plaintiff is required to show "a substantial likelihood of success on the merits.").

The Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiffs could create genuine issue of material facts as to their claims. The non-movants' burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655.

As the Court has already noted in its January 22, 2013 Order, pursuant to Federal Rule of Civil Procedure 36, the requests for admissions served on Plaintiffs (to which they did not respond) have been deemed against them. *See* Dkt. 21.[1] With all disputed facts admitted, there can be no fact issue for trial.

The Court's time and resources are limited, and the Court will not do Plaintiffs' work for them. Plaintiffs have had more than three months to prepare a response to submit evidence to create a genuine issue of material fact as to their claims, and they have not done so. In accordance with

---

[1] The record indicates that Plaintiffs received the Court's January order on February 8, 2013. *See* Dkt. 22. They have not taken any action in the case since then.

7

Local Rule CV-7(d), the Court thus assumes that their failure to respond to the motion for summary judgment indicates that they are not opposed to it and that, having been granted additional time to respond, they concede that there is no genuine issue of material fact as to at least one of the elements of all of their claims.

Defendants' Motion for Summary Judgment (Dkt. 19) is GRANTED, and Plaintiffs shall take nothing by any of their claims here.

The Court notes that Defendants have asserted a counterclaim against Plaintiffs for a claim for reasonable rents. *See* Dkt. 14. If Defendants intend to prosecute their claim for reasonable rents, they shall submit a proposed scheduling order for the remainder of the case deadlines within 10 days of the date of this Order. If they no longer desire to prosecute those claims, they shall so notify the Court so that final judgment can be entered in their favor.

**SO ORDERED.**

**SIGNED this 8th day of March, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE